UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARS AND STRIPES
GYMNASTICS ACADEMY, INC.,

    Plaintiff,

v.

LIBERTY MUTUAL
GROUP, INC., *et al.*,

    Defendants.

Case No. 20-cv-12301
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 25)

In this insurance dispute, Plaintiff Stars & Stripes Gymnastics Academy, Inc. ("Stars & Stripes") claims that Defendant-insurer Ohio Security Insurance Company ("Ohio Security") improperly denied coverage for water damage to the interior of the facility from which Stars & Stripes operates its gymnastics business (the "Facility"). The damage occurred when a component of the Facility's roof drainage system failed, causing rainwater to enter the Facility.

Ohio Security has now moved for summary judgment. It argues, among other things, that Stars & Stripes is not entitled to coverage for the water damage because (1) Stars & Stripes' insurance policy excludes coverage for damage caused by rain unless the rain enters the Facility through damage to the Facility caused by a "Covered Cause of Loss"; and (2) there is no evidence that the rainwater entered the

1

Facility through damage caused by a Covered Cause of Loss. The Court agrees. The Court therefore **GRANTS** Ohio Security's motion for summary judgment (ECF No. 25).

# I

## A

Stars & Stripes is a Michigan corporation that offers "recreation and educational activities for kids." (Deposition of Brian Foster ("Foster Dep."), ECF No. 25-1, PageID.527.) It operates out of the Facility in Clarkston, Michigan. Ohio Security is an insurance company. Stars & Stripes holds a commercial insurance policy (the "Policy") issued by Ohio Security. (*See* Policy, ECF No. 25-5.) The Policy covers Stars & Stripes' real and personal property, including the Facility.

The Policy provides coverage for what it terms "Covered Causes of Loss," which it defines as "direct physical loss unless the loss is excluded or limited in this policy." (*Id.*, PageID.755.) Rain damage is generally not a Covered Cause of Loss under the Policy. Indeed, the Policy expressly precludes coverage for rain damage unless the rain that caused the damage entered the Facility through damage to the Facility that was caused by a Covered Cause of Loss – *i.e.,* through damage caused by something other than rain. (*See id.*, PageID.760–761.) The relevant portion of the Policy (the "Rain Limitation") reads as follows:

### A. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. *We will not pay for loss of or damage to property, as described and limited in this section.* In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

   \*\*\*

   c. The interior of any building or structure, or to personal property in the building or structure, *caused by or resulting from rain*[ …] *unless*:

      1. The building or structure *first sustains damage by a Covered Cause of Loss* to its roof or walls *through which the rain[ …] enters*[.]

(*See id.* (emphases added).)

### B

Clarkston experienced several bouts of rain in the days leading up to, and including, May 18, 2020. (*See* Affidavit of Brendan Ryan ("Ryan Aff.") at ¶ 13, ECF No. 27, PageID.939.)  On May 18, 2020, a Stars & Stripes employee discovered water damage inside the Facility. (*See* Foster Dep., ECF No. 25-1, PageID.531.) Stars & Stripes' business manager, Brian Foster, was informed of the damage soon thereafter. (*See id.*)  Foster went to the Facility and saw a "torrential downpour" of rain entering the Facility through what he described as a "portion of the roof." (*Id.*, PageID.532.)

3

Stars & Stripes then brought in Carlo Farrugia, a plumber, to make the repairs necessary to stop the flow of water into the Facility. (*See* Deposition of Carlo Farrugia ("Farrugia Dep."), ECF No. 25-4, PageID.686.) Farrugia determined that rainwater had entered the Facility due to a failure of an elastomeric coupling (or gasket) – a component of the Facility's roof drainage system that connected the exterior roof drain with an interior drainage pipe. (*See id.*, PageID.687; Resp., ECF No. 25, PageID.863.) Farrugia replaced the gasket, and the leak stopped. (*See* Farrugia Dep., ECF No. 25-4, PageID.687–688.) Stars & Stripes did not hire anyone else to inspect the roof, the roof drainage system, or the gasket. Nor did Stars & Stripes engage anyone else to further assess the cause of the leak. Stars & Stripes filed a claim with Ohio Security for coverage shortly after Farrugia completed his repair work. (*See* First Am. Compl. ("FAC") at ¶¶ 5–6, ECF No. 5, PageID.173.)

In response to Stars & Stripes' claim for coverage, Ohio Security hired Brendan Ryan, a professional engineer, to evaluate the cause of the damage to the Facility. (*See* Ryan Aff. at ¶ 5, ECF No. 27, PageID.938.) Ryan conducted his inspection and evaluation on May 29, 2020. (*See id.* at ¶ 6, PageID.938.) Based on his evaluation, Ryan concluded – as had Farrugia – that rainwater entered the Facility due to the gasket failure. (*See id.* at ¶ 19, PageID.940.) He further determined that the gasket separated from another portion of the roof drainage system "when the weight and momentum of the rainwater flowing through the conductor exceeded the

4

shear capacity of the [gasket]." (*Id.*)  He reasoned that the gasket could not handle the rainwater because, among other things, the gasket had been improperly installed. (*See id.* at ¶ 20, PageID.940.)

Based upon Ryan's evaluation, Ohio Security denied coverage to Stars & Stripes. (*See* Ohio Security Claim Denial Letter, ECF No. 1, PageID.117–122.) Ohio Security concluded, among other things, that Stars & Stripes was not entitled to coverage because rain had not entered the Facility through damage caused by a Covered Cause of Loss. (*See id.*, PageID.120.)

## C

Stars & Stripes filed this lawsuit in Oakland County Circuit Court on June 26, 2020. (*See* Notice of Removal, ECF No. 1, PageID.6–9.)  It named only Liberty Mutual Group, Inc. ("Liberty") as a Defendant. (*See id.*)  On August 11, 2020, Stars & Stripes filed a First Amended Complaint. (*See* FAC, ECF No. 5.)  In its First Amended Complaint, Stars & Stripes added Ohio Security as a Defendant. (*See id.*)

Stars & Stripes alleges that Defendants breached the Policy when Ohio Security denied Stars & Stripes' claim. (*See id.*)  It asserts one claim for breach of contract damages and one claim for a declaration that Ohio Security is obligated to provide coverage. (*See id.*)

Defendants removed Stars & Stripes' action to this Court on August 26, 2020. (*See* Notice of Removal, ECF No. 1.) Defendants answered on October 9, 2020. (*See* Ans., ECF No. 10.) The parties then proceeded to discovery. Following the close of discovery, the Court entered a stipulated order dismissing Stars & Stripes' claims against Liberty Mutual. (*See* Stip. Order, ECF No. 24.)

**D**

On February 21, 2022, Ohio Security filed the current motion for summary judgment. (*See* Mot., ECF No. 25.) Ohio Security asserts several grounds for its motion. However, the Court focuses on only one of those grounds because it is dispositive. As noted above, Ohio Security argues that it is entitled to judgment as a matter of law because (1) the Rain Limitation bars coverage for rain damage unless the rain entered the Facility due to damage caused by a Covered Cause of Loss; and (2) there is no evidence that any rain entered the Facility through damage caused by a Covered Cause of Loss. (*See id.*)

Stars & Stripes opposes the motion. (*See* Resp., ECF No. 26.) Stars & Stripes insists that there is a dispute of fact as to whether rainwater entered the Facility through damage from a Covered Cause of Loss, and thus as to whether the Rain Exclusion bars coverage. (*See id.*)

The Court heard oral argument on Ohio Security's motion on July 7, 2022.

6

## II

Under Federal Rule of Civil Procedure 56, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326–27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56).  When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.*  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

## III

As described above, the Rain Limitation bars coverage for damage caused by rain unless the rain enters the Facility through damage caused by a Covered Cause of Loss.  In simple terms, this "limitation does not bar [coverage for] all water damage to the interior, but instead confines coverage to a scenario when the exterior of the building was damaged in a way that would let water into the building such as a puncture to the roof by a fallen tree branch." *Oak Hill Inv. IV, LLC v. State Farm Fire & Cas. Co.*, 737 F. App'x 722, 724 (6th Cir. 2018) (describing operation of a

similar limitation). Thus, the Rain Limitation would allow coverage for rain damage when, for example, "a tornado drop[s] a tree on the roof, opening a hole through which rain enter[s]." *Amish Connection, Inc. v. State Farm Fire & Cas. Co.*, 861 N.W.2d 230, 236 (Iowa 2015).

The parties here both accept this understanding of the Rain Limitation. Moreover, the parties agree that the rainwater that damaged the Facility entered through an opening that was created when the gasket failed. But the parties disagree as to whether the gasket failure constitutes "damage [caused by] a Covered Cause of Loss." (Policy, ECF No. 25-5, PageID.761.) And that is the dispositive issue with respect to whether the Rain Limitation bars Stars & Stripes' claim for coverage. If the gasket failure does constitute "damage [caused] by a Covered Cause of Loss," then the Rain Limitation would not preclude coverage; if the failure does not amount to such damage, then the Rain Limitation does bar coverage.

Ohio Security has submitted evidence that the gasket failure was not damage caused by a Covered Cause of Loss. That evidence primarily consists of the affidavit from professional engineer Brendan Ryan. As noted above, based upon his inspection of the Facility's roof drainage system and the failed gasket, Ryan concluded that the gasket failed "when the weight and momentum of the rainwater flowing through the conductor exceeded the shear capacity of the [gasket]." (Ryan Aff. at ¶ 19, ECF No. 27, PageID.940.) Ryan reasoned that the gasket failed under

the stress of the rainwater due to what he concluded were installation defects. (*See id.* at ¶ 20, PageID.940.) Simply put, Ryan opined that the effects of rainwater – which is indisputably not a Covered Cause of Loss – caused the gasket to fail and allowed the damage-causing water to enter the Facility. Unless disputed with contrary evidence from Stars & Stripes, Ryan's opinion is sufficient to establish that the water that entered the Facility did not enter through damage caused by a Covered Cause of Loss – and that the Rain Limitation therefore bars Stars & Stripes' claim for coverage.

In its briefing, Stars & Stripes suggests that testimony by Dennis Kirkwood, a construction manager who oversaw the building of the Facility, conflicts with Ryan's opinion and creates a material factual dispute precluding summary judgment. (*See* Resp., ECF No. 26, PageID.879.) According to Stars & Stripes, Kirkwood testified that, contrary to Ryan's assertion, the gasket was properly installed. (*See id.*) Stars and Stripes insists that that testimony raises a jury question as to whether the Rain Limitation bars its claim for coverage.

The Court disagrees for two reasons. First, as Ohio Security correctly argues, Kirkwood's testimony, even when construed in Stars & Stripes favor, does not establish that the gasket was properly installed. (*See* Reply, ECF No. 28, PageID.986.) Kirkwood testified only that when the Facility was built, it passed an inspection by building inspectors who determined that it complied with the

9

applicable building codes. (*See* Deposition of Dennis Kirkwood, ECF No. 26-1, PageID.901.) But Kirkwood did not testify that he personally witnessed the inspection, that the inspectors specifically inspected the gasket, or, most importantly, that the building codes in effect at the time of the inspection contained any provisions relating to the gasket. Nor did Kirkwood testify that he had any personal information as to how the gasket was actually installed. Under these circumstances, Kirkwood's testimony cannot reasonably be construed as establishing that the gasket was properly installed.

Second, and much more importantly, even if Kirkwood had testified that (1) the gasket was properly installed and (2) thus, it was not faulty installation that caused the gasket to fail under the weight and momentum of the rainwater, that still would not create a factual dispute precluding summary judgment. The dispositive question here under the Rain Limitation is not: *why* did the rainwater cause the gasket to fail? Instead, the dispositive question is: *did* the rainwater – which is indisputably not a Covered Cause of Loss – cause the gasket to fail? Testimony by Kirkwood that the gasket had been properly installed would not have created a material factual dispute on that issue and therefore would not have precluded summary judgment in favor of Ohio Security.

Next, at the hearing before the Court, counsel for Stars & Stripes offered an additional theory as to why there is a material factual dispute concerning whether the Rain Limitation precludes coverage here. Counsel posited that wind from the storm that hit the Clarkston area – not rain as Ryan opined – damaged the gasket and allowed the water to enter. But counsel was unable to identify any evidence supporting a wind-damage theory. And Stars & Stripes does not identify any such evidence in its briefing. On this record, Stars & Stripes' theory that wind damaged the gasket is mere speculation, and that is not enough to avoid summary judgment. *See, e.g., Clemente v. Vaslo*, 679 F.3d 482, 495 (6th Cir. 2012) (affirming summary judgment and explaining that "mere speculation [or] conjecture" is "insufficient to survive a motion for summary judgment") (internal quotation marks and citation omitted).

Moreover, the testimony of Stars & Stripes' principal, Foster, appears to contradict Stars & Stripes' theory that wind damaged the gasket. Foster initially testified that there was *no wind damage* to the Facility. (*See* Foster Dep., ECF No. 25-1, PageID.630.) While he later backtracked and said that he did not know whether there was wind damage, his testimony still offers no affirmative support for the theory that anything other than rain caused water to enter the Facility. His testimony is as follows:

| | | |
|---|---|---|
| Q: | | Okay. Was there any wind damage to the roof? |
| [Foster:] | | No. |
| Q: | | Was there any damage by trees or any debris that poked holes into the roof? |
| [Foster:] | | No. |
| […] | | |
| Q: | | Did wind damage the roof? |
| [Foster:] | | I don't know. |
| | | |
| Q: | | Did rain damage the roof? |
| [Foster:] | | I don't know. |

(*Id.*, PageID.630–631.)  At best, Foster's testimony underscores Stars & Stripes' lack of evidence regarding what caused the gasket failure; at worst, it supports Ohio Security's position that the gasket was not damaged by a Covered Cause of Loss.  In either event, the testimony confirms that Stars & Stripes lacks evidence to create a factual dispute as to whether the gasket was damaged by a Covered Cause of Loss.

  In sum, there is no genuine dispute of material fact as to whether the gasket – through which the property-damaging rainwater entered the Facility – was damaged by a Covered Cause of Loss.  It was not.  Ohio Security is therefore entitled to summary judgment on the ground that the Rain Limitation bars coverage.

## IV

For the reasons explained above, Ohio Security's motion for summary judgment (ECF No. 25) is **GRANTED**. Because the Court is granting judgment in favor of Ohio Security, Ohio Security's three pending motions *in limine* (ECF Nos. 33, 34, 35) are **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 25, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126